UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:25-CV-00683 HEA |
| ) | |
| HOUSING AUTHORITY OF THE, ) | |
| CITY OF LOS ANGELES ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

Cedric Greene has filed a civil complaint against the Housing Authority of the City of Los Angeles, and he has filed an application seeking leave to proceed in forma pauperis.[1] The Court will deny the application and dismiss this case for lack of proper venue.

**Facts and Background**

Since March 5, 2025, Greene has filed 25 cases pro se and in forma pauperis in this Court. To date, the cases that have been screened have been dismissed preservice for reasons including want of jurisdiction, lack of venue, and a finding of maliciousness. And Greene has a history of abusing the judicial process in other federal courts. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused" its process, and directed its clerk to refuse to

---

[1] Plaintiff Cedric Greene lists his wife, Valerie Stephen, as a co-plaintiff in this action. Stephen has not signed the complaint, nor has she paid the $405 filing fee or filed a motion to proceed in forma pauperis in this action. Greene, who is proceeding pro se in this case, may not represent another pro se litigant in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Services, Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney…may not engage in the practice of law on behalf of others"); *Iannaccone v. Law,* 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause…A person must be litigating an interest personal to him"); and *Lewis v. Lenc–Smith* Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Accordingly, the Court will strike plaintiff Stephen from this action.

accept future in forma pauperis petitions from Greene in noncriminal matters. *See In re Greene*, 578 U.S. 974 (2016). In January 2024, the United States Court of Federal Claims determined that "Greene's abuse of the judicial system precludes him from proceeding IFP in this court." *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024). The Court of Federal Claims estimated that Greene had filed more than three hundred cases in federal courts across the country. *Id.* Other federal circuit and district courts have imposed filing restrictions on Greene. *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada).

Greene instituted the instant action by filing a complaint against the Housing Authority of the City of Los Angeles. He provides a California address for himself and the defendant. His allegations include the loss of his "Section 8" housing benefits in February of 2020. He claims his constitutional rights were violated by the loss, but he does not clearly describe a cognizable claim for relief.

**Discussion**

The Court first considers Greene's motion to proceed in forma pauperis. To discourage the filing of baseless litigation and conserve judicial resources, this Court has a duty to deny in forma pauperis status to those who have abused the judicial system. *See In re Sindram*, 498 U.S. 177, 180 (1991) and *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As discussed above, the United States Supreme Court, the Court of Federal Claims, and federal circuit and district courts have sanctioned Greene after finding he had abused the judicial process. Greene has now begun bombarding this Court with baseless litigation, and the instant case is no exception. The Court will therefore deny Greene's application.

Additionally, venue clearly does not lie in this judicial district. Greene could bring this action in: (1) a judicial district in which any defendant resides, if all defendants reside in the state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. *See* 28 U.S.C. § 1391(b). None of those requirements are present here.

This Court must therefore dismiss this action, or if it is in the interests of justice, transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a). Transfer is not in the interests of justice because Greene is an abusive litigant, and there is no indication that he filed this case in a legitimate attempt to vindicate a cognizable right. The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1406(a). The Court cautions Greene to avoid abusing the judicial process in this judicial district.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Valerie Stephen is **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that Cedric Greene's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

Dated this 13th day of May, 2025.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3